UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOUIS J. SCAVONE, individually and on behalf of all others similarly situated,

                      Plaintiff,   **REPORT AND RECOMMENDATION**

        -against-   CV 19-1514 (SJF) (AYS)

FRONTLINE ASSET STRATEGIES, LLC,

                      Defendant.
-------------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Sandra J. Feuerstein for Report and Recommendation, is Defendant's motion to dismiss Plaintiff's First Amended Class Action Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to compel arbitration. Plaintiff opposes the motion in its entirety. For the reasons set forth below, this Court respectfully recommends that Defendant's motion be granted in part and denied in part.

## BACKGROUND

The facts set forth below are those set forth in Plaintiff's Amended Complaint. As discussed below, they are accepted as true for the purposes of this motion.

Plaintiff, Louis J. Scavone ("Plaintiff" or "Scavone"), is an individual who is alleged to owe a debt to non-party Credit One Bank, N.A. ("Credit One"). (Am. Compl. ¶¶ 5-6, 25, and Ex. 1, annexed thereto.) Defendant, Frontline Asset Strategies, LLC ("Defendant" or "Frontline"), is a Minnesota limited liability company with its principal place of business in Ramsey County, Minnesota. (Id. ¶ 8.) Frontline's principal business purpose is the collection of debts owed to other entities. (Id. ¶¶ 9-11.)

At some point prior to the initiation of this action, the debt allegedly owed to Credit One by Plaintiff was assigned or otherwise transferred to Frontline for collection. (Id. ¶ 29.) At the time the debt was assigned or otherwise transferred, it was alleged to be in default. (Id. ¶ 30.) In its efforts to collect Plaintiff's alleged debt, Frontline sent Plaintiff a letter dated March 14, 2018 (the "Letter"), advising Plaintiff that he owed a debt to Credit One in the amount of $1,031.66 and that his debt had been placed with Frontline for collection. (Id. ¶ 31, and Ex. 1.)

The Letter begins by stating the amount of the debt alleged to be owed by Plaintiff. (Id., Ex. 1.) It then goes on to state as follows: "If we are unable to resolve this account with you during the time it remains in our office, the current creditor may forward the account to one of its attorneys for review of the creditor's rights under the account contract" (hereinafter, referred to as the "Attorney Review Language"). (Id.)

The bottom of the front page of the Letter directs Plaintiff, in bold type, to "see the reverse side or next page for important consumer notices." (Id.) On the reverse side, Plaintiff's validation rights are set forth, as required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing in 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing, of this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Id.)

Plaintiff thereafter commenced the within action on March 15, 2019, pursuant to the FDCPA, alleging, on behalf of himself and others similarly situated, that the Letter sent to Plaintiff by Frontline violates sections 1692g(b), 1692e, and 1692e(10) of the FDCPA. On April

30, 2019, Plaintiff filed an Amended Complaint. The Amended Complaint, which is the subject of the within motion to dismiss filed by Frontline and referred to this Court by Judge Feuerstein, alleges two causes of action, although they are all contained in the First Count of the Amended Complaint. The first cause of action alleges that the Letter violates section 1692g(b) of the FDCPA because Plaintiff's validation rights are overshadowed by the Attorney Review Language contained in the Letter. (Id. ¶¶ 36-89.) The second cause of action alleges a violation of section 1692e, and, more specifically, 1692e(10), because, in the eyes of the least sophisticated consumer, the Letter is open to more than one reasonable interpretation and, therefore, false, deceptive and misleading. (Id. ¶¶ 90-99.) Specifically, Plaintiff alleges that despite the validation notice, the least sophisticated consumer could reasonably interpret the Attorney Review Language in the Letter to mean that even if he disputes the debt, legal action could still be brought against him. (Id.)

Frontline seeks to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. In the alternative, Frontline seeks to compel arbitration pursuant to the arbitration provision in the credit agreement Plaintiff entered into with Credit One. Plaintiff opposes the motion in its entirety.

## DISCUSSION

I.    Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept all of the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II.    The FDCPA

The FDCPA was created "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In order to establish an FDCPA action, the claims alleged must arise in "connection with collection of a 'debt.'" Boyd v. J.E. Robert Co., Inc., 765 F.3d 123, 125 (2d Cir. 2014). Accordingly, Plaintiff must show that: (1) he is a "consumer" within the meaning of the FDCPA; (2) Defendant is a "debt collector;" and, (3) Defendant engaged in conduct in violation of the statute. Katz v. Sharinn & Lipshie, P.C., No. 12-CV-2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sept. 11, 2013) (citation omitted). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any

4

business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Courts in this Circuit determine whether a collection notice complies with the FDCPA "from the perspective of the 'least sophisticated consumer.'" Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019) (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)). Even though the least sophisticated consumer may lack "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday common consumer," Kolbayasuk, 918 F.3d at 239 (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)), courts presume that he possesses "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Kolbayasuk, 918 F.3d at 239 (quoting Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). Therefore, under the least sophisticated consumer standard, "a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." Kolbayasuk, 918 F.3d at 239 (quoting Clomon, 988 F.2d at 1319).

    A.    Section 1692g

Section 1692g of the FDCPA, referred to as the validation notice, requires a debt collector to convey certain required information to a debtor when attempting to collect a debt. See 15 U.S.C. § 1692g; see also Park v. Forster & Garbus, LLP, No. 19-cv-3621, 2019 WL 5895703, at *2 (E.D.N.Y. Nov. 12, 2019) (citing Vetrano v. CBE Group, Inc., No. CV 15-3185, 2016 WL 4083384, at *5 (E.D.N.Y. Apr. 11, 2016)). "The purpose of the validation notice is to protect consumers from 'debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid' by 'inform[ing consumers that they have] certain rights,

5

including the rights to make a written request for verification of the debt and to dispute the validity of the debt.'" Park, 2019 WL 5895703, at *2 (quoting Lotito v. Recovery Assoc., Inc., No. 13-CV-5833, 2014 WL 4659464, at *3 (E.D.N.Y. Sept. 17, 2014)) (additional citations omitted) (alterations in original).

Pursuant to the FDCPA, the validation notice must include the following:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g; see also Vetrano, 2016 WL 4083384, at *5.

The FDCPA mandates that in addition to communicating the above information to a debtor, the debt collector must also convey the information clearly. See Jacobson, 516 F.3d at 90 (citing Russell, 74 F.3d at 35). A validation notice is legally insufficient "if that notice is overshadowed or contradicted by other language in communications to the debtor." Jacobson, 516 F.3d at 90 (citing Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998)); see also 15 U.S.C. § 1692g(b) ("Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address

6

of the original creditor."). "A notice overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'" Jacobson, 516 F.3d at 90 (quoting Russell, 74 F.3d at 35); see also Vetrano, 2016 WL 4083384, at *5 ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").

    B.    <u>Sections 1692e and 1692e(10)</u>

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; see also Russell, 74 F.3d at 34. There are sixteen subsections within Section 1692e that "set forth a non-exhaustive list of practices that fall within this ban." Avila v. Riexinger & Assocs., 817 F.3d 72, 75 (2d Cir. 2016). "One of these subsections, § 1692e(10), is a 'catch-all provision' barring '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" Park, 2019 WL 5895703, at *3 (quoting Altman v. J.C. Christensen & Assocs., Inc., 786 F.3d 191, 194 (2d Cir. 2015)) (additional citations omitted).

Courts in this circuit have held that "the standard for determining a violation of § 1692e(10) is essentially the same as that of § 1692g." Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015) (quoting Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 666-67 (S.D.N.Y. 2006)). A debt collection letter is typically found to be deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell, 74 F.3d at 35 (citation omitted). "However, courts

7

may consider only <u>reasonable</u> interpretations in making such a determination, as the least sophisticated consumer standard 'does not extend to every bizarre or idiosyncratic interpretation by a debtor.'" <u>Papetti</u>, 121 F. Supp. 3d at 353 (quoting <u>Schweizer v. Trans Union Corp.</u>, 136 F.3d 233, 237 (2d Cir. 1998)) (emphasis in original).

III. <u>Frontline's Motion to Dismiss</u>

Frontline moves to dismiss Plaintiff's Amended Complaint on the following grounds: (1) Plaintiff's claim is time-barred; and, (2) Plaintiff fails to state a claim under either Section 1692g or 1692e.

 A. <u>Statute of Limitations</u>

Claims alleging liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). "[T]he latest date upon which the one-year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." <u>Boyd v. J.E. Robert Co.</u>, No. 05-CV-2455, 2010 WL 5772892, at *5 (E.D.N.Y. Mar. 31, 2010) (quoting <u>Somin v. Total Cmty. Mgmt. Corp.</u>, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007)), <u>adopted by</u>, 2011 WL 477547, at *1 (E.D.N.Y. Feb. 2, 2011). In the context of a Rule 12 motion, dismissal on statute of limitations grounds is appropriate only if, on the face of the complaint, the claim asserted is untimely. See <u>Harris v. City of New York</u>, 186 F.3d 343, 250 (2d Cir. 1999).

Here, the Letter is dated March 14, 2018. Plaintiff commenced the within action on March 15, 2019. While the Amended Complaint does not make clear when Plaintiff actually received the Letter, it is virtually impossible that he could have received it the same day that it was written. Even if Plaintiff received the Letter the day after it was written, which would still be quite unlikely, the action was timely commenced. Accordingly, construing the allegations in

8

the light most favorable to Plaintiff, as the Court must when considering a motion to dismiss, this Court finds that Plaintiff's claim is timely and respectfully recommends that Defendant's motion to dismiss on statute of limitations grounds be denied.

    B.    <u>Plaintiff's Section 1692g and 1692e Claims</u>

Plaintiff's Amended Complaint combines all of his claims into one count, first alleging that by placing the Attorney Review Language at the beginning of the Letter, Frontline overshadowed his validation rights, which are found on the reverse side of the Letter, in violation of Section 1692g of the FDCPA. (Am. Compl. ¶¶ 35-89; Pl. Mem. of Law in Opp'n 15.)

"In assessing whether other aspects of a collection letter overshadow or contradict the validation notice, [the Court] must evaluate the collection letter in its entirety, reading the various parts of the collection letter in conjunction with each other." <u>Park</u>, 2019 WL 5895703, at *6 (citing <u>McStay v. I.C. Sys., Inc.</u>, 308 F.3d 188, 191 (2d Cir. 2002)).  Here, the Attorney Review Language states as follows: "If we are unable to resolve this account with you during the time it remains in our office, the current creditor may forward the account to one of its attorneys for review of the creditor's rights under the account contract." (Am. Compl., Ex. A.)  At the bottom of that same page, in bold type, the reader is directed to "[p]lease see the reverse side or next page for important consumer notices." (<u>Id.</u>)  Upon turning the page, the reader finds the validation notice, providing him with thirty days in which to dispute the validity of the debt. (<u>Id.</u>)

As the Second Circuit has held, "when a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back." <u>McStay</u>, 308 F.3d at 191.  Once the Plaintiff herein turned the Letter over, as he was directed to do in bold type, he found the

9

validation notice, which expressly advised him three times that he had thirty days from the date he received the notice to dispute the validity of the debt. Thus, even if the Attorney Review Language is ambiguous, as Plaintiff argues here, because it does not state how long the account would remain with Defendant, "any confusion created by the ambiguity on the front of the letter dissipates when read in conjunction with the language on the back," which expressly indicates that Plaintiff has thirty days to determine the validity of the debt before any legal action is taken. Id.

The least sophisticated consumer "is charged with reading the entire collection letter and interpreting the various statements in conjunction with each other." Park, 2019 WL 5895703, at *7. When read in its entirety, this Court finds that nothing in the Letter, read as a whole, overshadows or contradicts the validation notice

Next, Plaintiff's Amended Complaint alleges that the Attorney Review Language threatens legal action, creating a false sense of urgency that the debt must be paid immediately, thereby overshadowing Plaintiff's validation rights. (Am. Compl. ¶¶ 35-99.) However, as Defendant points out, the Attorney Review Language makes no mention of a lawsuit. It simply states that if the dispute is not resolved, the account may be forwarded to an attorney for review. As numerous other courts have held, "merely advis[ing] Plaintiff that in the event []he did not pay the debt or dispute it, Defendant may avail itself of any of its legal options, . . . includ[ing] . . . instituting legal action," is not unlawful. Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 159-60 (E.D.N.Y. 2005); see also Delfonce v. Eltman, No. 16 Civ. 6627, 2017 WL 639249, at *1-4 (dismissing Plaintiff's FDCPA claim where the letter stated "[T]his letter should not be taken as . . . a threat of legal action. However, if you fail to contact this office, our client may consider the availability of additional remedies to recover the balance due."). Nor does such

language overshadow the validation notice or render the Letter false, misleading or deceptive. See Park, 2019 WL 5895703, at *8 ("Because the collection letter references only the possibility of a lawsuit, . . . the statement neither overshadows nor contradicts the validation notice, nor does it render the collection letter false, misleading or deceptive in violation of the FDCPA.").

Finally, Plaintiff alleges that the Letter violates Section 1692e of the FDCPA because the Attorney Review Language is misleading and could reasonably be interpreted to state that even if Plaintiff exercises his validation rights, he could still be sued on the debt. (Am. Compl. ¶¶ 90-99.) As discussed above, Plaintiff's validation rights are very clearly set forth in the Letter. Plaintiff was advised three times that he had thirty days to dispute the validity of the debt. Moreover, the Letter in no way states that a lawsuit will be commenced. It simply advises Plaintiff of the steps the creditor may take if the debt is not resolved.

"A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell, 74 F.3d at 35. Here, the Court finds that the Letter sent to Plaintiff, as viewed through the eyes of the least sophisticated consumer, has only one meaning – that if Plaintiff does not dispute or resolve the debt within thirty days, the creditor may pursue legal action. There is nothing false, deceptive or misleading about this language.

Based on the foregoing, this Court finds that Plaintiff's Amended Complaint fails to state a claim under Sections 1692g, 1692e, and 1692e(10) of the FDCPA. Accordingly, this Court respectfully recommends that Defendant's motion to dismiss Plaintiff's Amended Complaint be granted.[1]

---

[1] In light of the recommendation that Plaintiff's Amended Complaint be dismissed, the Court finds no need to reach that portion of Defendant's motion seeking to compel arbitration.

RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss, appearing at Docket Entry [14], be granted in part and denied in part and that Plaintiff's Amended Complaint be dismissed.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
      January 8, 2020                                /s/      Anne. Y. Shields
                                                                          ANNE Y. SHIELDS
                                                                          United States Magistrate Judge